1

**PHILLIPS, SPALLAS & ANGSTADT LLP**
**Robert K. Phillips, Esq. (SBN 135088)**

2

**Gregory L. Spallas, Esq. (SBN 129306)**
**Adolpho O. Karajah, Esq.  (SBN 310785)**

3

505 Sansome Street, 6th Floor
San Francisco, CA 94111

4

Tel: (415) 278-9400
Fax: (415) 278-9411

5

gspallas@psalaw.net
akarajah@psalaw.net

6

7

Attorneys for Defendant
WALMART INC.

8

9

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11

MARIA FLORES,

Case No: 1:20−cv−01310−DAD−SAB

Plaintiff,

12

**STIPULATED PROTECTIVE ORDER**

vs.

13

14

WALMART INC.; and DOES 1 through 10, inclusive,

15

Defendants.

16

## STIPULATED PROTECTIVE ORDER

17

The parties have agreed to and have submitted to the Court, and for good cause shown the

18

Court hereby enters, the following Protective Order pursuant to Local Rule 141.1(b)(1) and in

19

compliance with Local Rule 141.1(c)

20

**I.     PURPOSE**

21

1. This Confidentiality Order shall govern the disclosure of materials designated as

22

Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to

23

any document or item designated as Confidential or Highly Confidential – Attorneys' Eyes Only,

24

including but not limited to, documents or items produced during discovery, all copies thereof, and

25

the information contained in such material.

26

**II.     TYPE OF INFORMATION ELIGIBLE FOR PROTECTION UNDER ORDER**

27

2. Confidential Information or Confidential Material, as used in this Order, consists of the

28

following materials and categories of materials:

**Confidential, Privacy and Proprietary Information**

a. Materials relating to any privileged, confidential, or nonpublic information, including, but not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G); proprietary information; vendor agreements; personnel files;  claim/litigation information; or certain policies and procedures.

**Corporate Trade Secrets**

b. Materials containing corporate trade secrets, nonpublic research and development data, pricing formulas, inventory management programs, confidential business information not generally known to the general public, and customer-related Protected Data are considered Highly Confidential Material and shall be deemed "ATTORNEYS' EYES ONLY".

**Protected Data**

c. Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state or foreign data protection laws or other privacy obligations. Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and, The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information).  Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

**III.   PARTICULAR NEED TO PROTECT CONFIDENTIAL INFORMATION**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

This action is likely to involve trade secrets, and other valuable commercial, financial, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted as well as confidential medical and/or psychological treatment records.

1    Such  confidential  and  proprietary  materials  and  information  consists of,  among other

2    things, confidential business or financial information, information regarding confidential  business

3    practices, policies and/or procedures, human resource communications relating to proprietary

4    practices  or  other  confidential or commercial information (including information implicating

5    privacy rights of third parties), any records from Plaintiff's healthcare provides, with such

6    information otherwise generally unavailable to the public, or which may be privileged or otherwise

7    protected from disclosure under state or federal statutes, court rules, case decisions, or  common law

8    **IV.    ORDER IS NECESSARY TO PROTECT CONFIDENTIAL INFORMATION**

9    A protective order to protect confidential information referenced herein for the instant action

10    will serve to achieve the following: expedite the flow of information, facilitate the prompt  resolution

11    of disputes over confidentiality of discovery materials, adequately protect information the parties are

12    entitled to keep confidential, ensure that the parties are permitted reasonable necessary uses of such

13    material in preparation for and in the conduct of trial, address their handling at the end of the

14    litigation, serves the ends of justice in accordance with the local federal rules of the eastern district.

15    A protective order for such information is justified in this matter. It's effect shall bind both

16    parties to their agreement that information will not be designated as confidential for tactical reasons

17    and that nothing be so designated without a good faith belief that it has been maintained in a

18    confidential, non-public manner. The order will further compel both parties to show why there is

19    good cause that the confidential information in this case should not be part of the public record.

20    Finally, the parties hereby stipulate to and petition the Court to enter the following Stipulated

21    Protective Order. The parties acknowledge that this Order  does  not  confer  blanket  protections  on

22    all  disclosures  or  responses to discovery and that the protection it affords from public disclosure

23    and use extends only to the limited information or items that are entitled to confidential treatment

24    under the applicable legal principles. A mere agreement between both parties will not effectuate this.

25    **V.    RULES AND RESTRICTIONS OF PROTECTIVE ORDER**

26    **Burden to Move for Court Order**

27    3. If any party seeks to designate additional documents or categories of documents produced

28    by any other party as Confidential Material, it will be the burden of the party seeking protected

1  status to move for a Court Order designating the materials as confidential after the parties confer.

2  **Effect of Order**

3  4. The parties agree that such Confidential Material as described in Section II should be

4  given the protection of an order of this Court to prevent injury through disclosure to persons other

5  than those persons involved in the prosecution or defense of this litigation.

6  **Designation of Confidential Information**

7  5. To designate information as confidential, the producing party shall mark Confidential

8  Material with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or

9  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE

10 ORDER" and shall submit confidential discovery, such as answers to interrogatories or answers to

11 requests for admissions, in a separate document stamped with the appropriate legend. The Receiving

12 Party may make copies of Confidential Material and such copies shall become subject to the same

13 protections as the Confidential Material from which those copies were made.

14  1. Information on a disk or other electronic format may be designated confidential
15     by marking the storage medium itself with the legend "CONFIDENTIAL –
       SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL
16     – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY
       ORDER." The Receiving Party shall mark any hard-copy printouts and the
17     storage medium of any permissible copies of such electronic material with the
       corresponding legend contained on the original and such copies shall become
18     subject to the same protections, as the Confidential Material from which those
       copies were made.
19

20  2. Information disclosed at any deposition of a party taken in this action may be
       designated by the party as confidential by indicating on the record at the
21     deposition that the information is confidential and subject to the provisions of
       this Order. Alternatively, the party may designate information disclosed at the
22     deposition as confidential by notifying the court reporter and other parties in
       writing, within fifteen (15) business days of receipt of the transcript, of the
23     specific pages and lines of the transcript which are designated as confidential.
       The parties may agree to a reasonable extension of the 15-business-day period
24     for designation. Designations of transcripts will apply to audio, video, or other
       recordings of the testimony. During such 15-business-day period, the entire
25     transcript shall receive confidential treatment. Upon such designation, the court
       reporter and each party shall affix the "CONFIDENTIAL – SUBJECT TO
26     CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL –
       ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY
27
       ORDER"" legend to the designated pages and segregate them as appropriate.
28

**4**
**STIPULATED PROTECTIVE ORDER**

3. Copies of material described in paragraph 2 above, or incorporated into paragraph 2 by Court Order, and which were produced without the designation of "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" may be so designated later if the Producing Party failed to make such designation at the time of production through inadvertence or error. If such information has been disclosed to persons not qualified pursuant to paragraph 7 below, the party who disclosed such information shall take reasonable efforts to retrieve previously disclosed Confidential Material and advise such persons that the material is Confidential.

**Restrictions on Waiver and Inadvertent Disclosure**

6. Pursuant to Federal Rule of Evidence 502(d) disclosure (including production) of information that a party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(e), the Receiving Party hereby agrees to return, sequester, or destroy any Privileged Information disclosed or produced by the Producing Party upon request. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Producing Party and sequester such information until instructions as to disposition are received. The failure of any party to provide notice or instructions under this Paragraph shall not constitute a waiver of, or estoppel to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This provision is designed to foreclose any arguments that by making such production, the production of Confidential Materials subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege, work-product doctrine, or other applicable privilege:

1. was not inadvertent by the Producing Party;
2. that the Producing Party did not take reasonable steps to prevent the disclosure of privileged Documents;
3. that the Producing Party did not take reasonable or timely steps to rectify such

Disclosure; and/or

4. that such Disclosure acts as a waiver of applicable privileges or protections associated with such Documents.

This provision shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502 and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**Disclosure of Confidential Information to Court**

7. Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, and counsel of record, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, and any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action. Qualified recipients of materials marked "ATTORNEYS' EYES ONLY" shall include only the following:  In-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each. Confidential Material shall not be disclosed to any outside experts or consultants who are current or former employees or current or former consultants of a direct competitor of any party named in the litigation. Counsel shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order, and shall provide all such persons (other than the Court and its staff) with a copy of this Order. Counsel also shall require all persons, except the Court, its staff, the parties, counsel of record and counsel's staff personnel, to execute the Affidavit attached as *Exhibit A*, prior to the disclosure of Confidential Material. It shall be the obligation of counsel, upon learning of any breach or threatened breach of this Confidentiality Order, to promptly notify counsel for the Producing Party of such breach or threatened breach. Counsel shall not otherwise offer or permit disclosure of any Confidential Material, its contents, or any portion or summary thereof. Disputes

**6**
**STIPULATED PROTECTIVE ORDER**

concerning the confidential nature of such materials shall be resolved by the Court upon motion

prior to dissemination of any Confidential Material.

**Sanctions for Violation of Order**

8. Persons having knowledge of Confidential Material and information due to their

participation in the conduct of this litigation shall use such knowledge and information for that

purpose only and only as permitted herein, and shall not disclose such Confidential Material, their

contents or any portion or summary thereof to any person(s) not involved in the conduct of this

litigation. If any person having access to the Confidential Material herein shall violate this Order,

he/she may be subject to sanctions by the Court.

**Effect on Admissibility of Evidence at Trial**

9. The provisions of this Confidentiality Order shall not affect, and this Order does not

limit, the use or admissibility of Confidential Material (or references to that material) as evidence

at trial, or during a hearing or similar proceeding in this action or as part of the record on appeal,

provided that either party may seek an appropriate Court Order to protect Confidential Material.

**Modification to Order**

10. Nothing in this Confidentiality Order shall be deemed to preclude any party or interested

member of the public from seeking and obtaining, on an appropriate showing, a modification of this

Order including additional protection with respect to confidentiality of material or the removal of a

confidential designation. Should counsel or an interested member of the public disagree with any

designation of material as confidential, he or she first shall attempt to resolve such dispute with the

parties' counsel and, if unsuccessful, apply to the Court for a determination as to whether the

material or information should remain designated as Confidential Material. Pending resolution of

any challenges, the material at issue shall continue to be treated as Confidential Material until

ordered otherwise by the Court.

**Confidential Material Becoming Public by Other Means**

11. The restrictions set forth in any of the preceding paragraphs shall not apply to

information or material that was, is or becomes public knowledge in a manner other than by

violation of this Order.

**Filing Under Seal of Confidential Material**

12. Without written permission from the Producing Party or court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Confidential Material. A Party that seeks to file under seal any Confidential Material must comply with Local Rule of Court 141.1€ and all federal case law regarding filing materials under seal. Confidential Material may only be filed under seal in a manner prescribed by the Court for such filings.

**Procedure for Identifying Confidential Material**

13. In the event Confidential Materials or portions of transcripts are sealed as confidential by the Court, they shall be filed in an envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF

THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE

TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN

TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN

THIS   CASE,   OR   TO   PERSONS   ASSISTING   THOSE

ATTORNEYS.

**Binding Effect and Destruction of Confidential Material**

14. This Order shall continue to be binding throughout and after the conclusion of this litigation, including all appeals. Within thirty (30) days of settlement or final adjudication, including the expiration or exhaustion of all rights to appeal or petitions for extraordinary writs, each Party to whom "Confidential" or "Highly Confidential – Attorneys' Eyes Only" materials were produced shall, without further request or direction from the Producing Party, promptly destroy all documents, items or data received including, but not limited to, copies or summaries thereof, in the possession or control of any expert or employee. The Receiving Party shall submit a written certification to the Producing Party by the 30-day deadline that (1) confirms the destruction/deletion of all Confidential Material, including any copies of Confidential Materials provided to persons required to execute Exhibit A (Affidavit), and (2) affirms the Receiving Party has not retained any copies, abstracts,

**8**
**STIPULATED PROTECTIVE ORDER**

1  compilations, summaries or any other format reproducing or capturing any of the Confidential

2  Material. Notwithstanding this provision, counsel is entitled to retain any attorney work product.

3  **Effect of Order on Subpoena and Other Civil Investigative Demand**

4  15. If any person receiving documents covered by this Order is served with a subpoena,

5  order, interrogatory, or document or civil investigative demand (collectively, a "Demand") issued

6  in any other action, investigation, or proceeding, and such Demand seeks material that was produced

7  or designated as Confidential Material by someone other than the Receiving Party, the Receiving

8  Party shall give prompt written notice by hand or electronic transmission within five (5) business

9  days of receipt of such Demand to the party or non-party who produced or designated the material

10  as Confidential Material, and shall object to the production of such materials on the grounds of the

11  existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the

12  party or non-party who produced or designated the material as Confidential Material. Unless the

13  party or non-party who produced or designated the Confidential Material obtains an order directing

14  that the Demand not be complied with, and serves such order upon the Receiving Party prior to

15  production pursuant to the Demand, the Receiving Party shall be permitted to produce documents

16  responsive to the Demand on the Demand response date, provided sufficient notice of the Demand

17  is provided. Compliance by the Receiving Party with any order directing production pursuant to the

18  Demand of any Confidential Material shall not constitute a violation of this Order. Nothing in this

19  Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

20  **Joinder of Parties**

21  16. In the event additional parties join or intervene in this litigation, the newly joined

22  party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at

23  the request of any party, filed with the Court the agreement of such party(ies) and such counsel to

24  be fully bound by this Order.

25  **No Adverse Effect on Representation**

26  17. The parties agree that nothing in this Order shall be deemed to limit the extent to which

27  counsel for the parties may advise or represent their respective clients, conduct discovery, prepare

28  for trial, present proof at trial, including any document herein, or oppose the production or

1  admissibility of any information or documents which have been requested.

2       **Full Force and Effect**

3       18. This Order shall remain in full force and effect until such time as it is modified, amended

4  or rescinded by the Court.

## **EXHIBIT A**

### **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____, of _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order agreed upon by the parties in the action styled *Maria Flores v. Walmart Inc*., United States District Court for the Eastern District Case No: 1:20−CV−01310−DAD−SAB.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order unless and until modified by any court order.  I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the courts in and for the United States District Court for the Eastern District for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:  _____

City and State where sworn and signed: _____

Print Name: _____

Signature: _____

//

//

//

//

//

**11**
**STIPULATED PROTECTIVE ORDER**

Respectfully stipulated to and submitted by,

DATED: November 4, 2020        **LAW OFFICE OF MORTEZA AGHAVALI**

_/s/Morteza Aghavali, Esq_____
Morteza Aghavali, Esq.
Attorney for Plaintiff
MARIA FLORES

DATED: November 03, 2020       **PHILLIPS, SPALLAS & ANGSTADT LLP**

_____
Robert K. Phillips, Esq.
Gregory L. Spallas, Esq.
Adolpho O. Karajah, Esq.
Attorneys for Defendant
WALMART INC.

### ORDER

Pursuant to the stipulation of the parties, IT IS HEREBY ORDERED that:

1.      The protective order is entered;

2.      The parties are advised that pursuant to the Local Rules of the United States District Court, Eastern District of California, any documents which are to be filed under seal will require a written request which complies with Local Rule 141; and

3.      The party making a request to file documents under seal shall be required to show good cause for documents attached to a nondispositive motion or compelling reasons for documents attached to a dispositive motion. Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009).

IT IS SO ORDERED.

Dated:    **November 6, 2020**

_____
UNITED STATES MAGISTRATE JUDGE

**12**
**STIPULATED PROTECTIVE ORDER**